# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| KENNETH RAY SHARP, <br><br> Petitioner, <br><br> v. <br><br> JOHN FAYRAM, Warden, <br><br> Respondent. | **No. 09-CV-3045-DEO** <br><br> **PRELIMINARY REVIEW OF PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254** |

Before the Court is Petitioner Kenneth Ray Sharp's petition for a writ of habeas corpus (Docket No. 1-1), application to proceed in forma pauperis (Docket No. 1), and application for appointment of counsel (Docket No. 2). As explained in further detail below, Sharp's petition must be dismissed because it was not filed within the one-year period of limitations as provided in 28 U.S.C. § 2244(d)(1).

## I. BACKGROUND[1]

Following a jury trial in the Iowa District Court in and for Cerro Gordo County that began on October 30, 1995, and ended on November 7, 1995, Sharp was convicted of first-degree kidnapping. See State v. Sharp, No. FECR001416 (Cerro Gordo

---

[1] The facts of this case were drawn largely from the Iowa Appellate Court's unpublished table decision in Sharp v. State, 755 N.W.2d 144, 2008 WL 2514632 (Iowa Ct. App. 2008).

County Dist. Ct. 1995).[2] The conviction arose out of the alleged kidnapping, assault, and rape of J.S. by Sharp and his codefendant, Mark Hoffman. On December 21, 1995, Sharp was sentenced to a term of life imprisonment without the possibility of parole. Sharp filed a notice of appeal that same day.

On February 26, 1997, the Iowa Court of Appeals affirmed Sharp's conviction on direct appeal. See State v. Sharp, No. 95-2228 (Iowa Ct. App. 1997). Sharp then requested, and the Iowa Supreme Court denied, further review of the appellate decision. Procedendo issued on May 27, 1997.[3] Sharp did not subsequently file a petition for a writ of certiorari in the U.S. Supreme Court.

On May 27, 1998, Sharp filed his first application for

---

[2] Iowa state court criminal and civil records may be accessed at the following web address: http://www.judicial.state.ia.us/Online_Court_services/. See Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[3] Under Iowa law, appeals in criminal cases must be taken within 30 days of the final judgment. See Iowa R. App. P. 6.101; State v. Braun, 460 N.W.2d 454, 455 (Iowa 1990). In the event that an appeal is timely filed, the date procedendo issues determines when a conviction is final under Iowa law; an appeal becomes final on the date procedendo is issued. Iowa Code § 822.3; Dible v. State, 557 N.W.2d 881, 883 (Iowa 1996).

post-conviction relief (PCR) in the state district court. See Sharp v. State, No. LACV057775 (Cerro Gordo County Dist. Ct. 2005). Sharp voluntarily dismissed the application on November 7, 2000. Id. However, the district court reopened Sharp's PCR action more than four years later on March 14, 2005, when his fourth court-appointed attorney filed an amended PCR application.[4] Id. Following a hearing, the district court rejected all of Sharp's claims and denied his PCR application on September 28, 2005. Id. Sharp appealed. On June 25, 2008, the state appellate court affirmed. See Sharp, 2008 WL 2514632. On July 14, 2008, Sharp requested further review of the appellate decision, and on July 16, 2008, the Iowa Supreme Court denied his request for further review. See Sharp v. State, No. 05-1771 (Iowa App. Ct. 2008). Procedendo issued on July 23, 2008. Id.

Sharp filed a second PCR application on April 22, 2009. See Sharp v. State, No. PCCV065113 (Cerro Gordo County Dist. Ct. 2009). On October 14, 2009, the state district court dismissed his second PCR application. Id. Sharp did not appeal.

---

[4] The court appears to have taken this action in response to a pro se motion filed by Sharp on June 23, 2004, requesting, among other things, that his PCR application be reopened.

3

Sharp filed the instant § 2254 petition, at the earliest, on July 21, 2009. Docket No. 1-1; see Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (extending application of prison mailbox rule to pro se § 2254 petitions), *overruled on other grounds by* Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008).[5] In his petition, Sharp does not specify any grounds or supporting facts on which he bases his request for relief, but instead merely states that he "[c]annot cite grounds until after [a] lawyer is appointed as the State of Iowa has all my legal papers." Docket No. 1-1 at 4.

## II. DISCUSSION

### A. *Initial Review Standard*

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the petition for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." See Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its

---

[5] Sharp's petition was filed in this Court on July 22, 2009. The notary public's signature is dated July 21, 2009. Docket No. 1-1 at 6. The Court will therefore assume, without deciding, that Sharp deposited his § 2254 petition in the prison mail system on July 21, 2009.

4

exhibits that the petitioner is not entitled to relief. See id.; 28 U.S.C. § 2243; Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993) (explaining that "Rule 4 enables the district court to dismiss a petition summarily, without reviewing the record at all, if it determines that the petition and any attached exhibits either fail to state a claim or are factually frivolous," and "[e]ven if the petition clears those hurdles, the district court still need not independently review the record so long as the petitioner does not dispute that the facts reported in the state court opinions faithfully and accurately reflect the record." (citing Davis v. Franzen, 671 F.2d 1056, 1057 (7th Cir. 1982))); see also Barnett v. Roper, 541 F.3d 804, 807 (8th Cir. 2008) (district court may consider *sua sponte* the timeliness of a state prisoner's habeas petition (citing Day v. McDonough, 547 U.S. 198, 209 (2006))). For the reasons set forth below, summary dismissal is appropriate in this case.

### B. *28 U.S.C. § 2244(d)*

A petitioner has one year from the time a state court judgment becomes final to apply for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). A judgment is final, for these purposes, at the conclusion of all direct criminal

appeals in the state system followed by either (1) the denial of certiorari or (2) the expiration of the time allotted for filing a petition for a writ of certiorari. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). A petitioner has ninety days from the date of entry of judgment in a state court of last resort to petition the United States Supreme Court for a writ of certiorari. Sup. Ct. R. 13.

Sharp's direct appeal was dismissed by the Iowa Court of Appeals on February 26, 1997, after which point the Iowa Supreme Court denied further review. At the latest, the conclusion of all direct criminal appeals in the state court system was May 27, 1997, the date procedendo was issued following the Iowa Supreme Court's denial of discretionary review. Taking into account the ninety days he had to petition for certiorari, Sharp's conviction became final, and the statute of limitations for filing a federal habeas claim began to run, on August 25, 1997.[6] Sharp filed the instant petition nearly 12 years later on July 21, 2009. Thus, Sharp's § 2254 petition is only timely if the limitations period was tolled for all but a period of less than one year between August 25, 1997, the date his conviction became final

---

[6] For a visual representation of the relevant timeline in this case, see Attachment 1, "Habeas Timeline," on page 12.

and the 1-year limitations period commenced, and July 21, 2009, the date he filed the instant action.

Under 28 U.S.C. § 2244(d)(2), the one-year limitations period for filing a habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). Unfortunately, § 2244(d)(2) is of no assistance to Sharp; even assuming that Sharp is entitled to tolling during the time periods spanning between the filing and the final disposition of his two state PCR applications, his § 2254 petition would still be untimely.

As previously mentioned, Sharp filed his first state PCR application on May 27, 1998, thereby triggering the tolling provision of § 2244(d)(2). By the date of this filing, 275 days had elapsed out of the 365 days Sharp had to file his federal habeas petition. The statute of limitations then recommenced, at the latest, on July 23, 2008, the date of procedendo following the Iowa Supreme Court's denial of discretionary review of the appellate court's decision affirming the dismissal of Sharp's first PCR application.[7]

---

[7] The statute of limitations was likely not tolled for the entire time period spanning from the initial filing of Sharp's first PCR application to the date of procedendo following its final disposition, as Sharp's first PCR application was

7

Sharp did not file his second PCR application until April 22, 2009, 273 days after the statute of limitations had recommenced. By this point, at least 548 untolled days had passed. Therefore, even assuming that the statute of limitations tolled while all of the state habeas petitions and the motions related to those petitions were pending, Sharp still filed the instant § 2254 petition at least 183 days after the statute of limitations expired (548 untolled days minus 365 days equals 183 days late).

Sharp's § 2254 petition is therefore time-barred unless the state imposed an impediment to the filing of a timely application,[8] or unless Sharp is entitled to equitable tolling. In his petition, Sharp does not attribute the delay in filing his federal habeas petition to any state-created

---

probably not "pending" under 28 U.S.C. § 2244(d)(2) during the 1,588-day period spanning from the date Sharp voluntarily dismissed the application to the date that an amended PCR application was filed on his behalf. However, the record is at best unclear as to the status of Sharp's PCR application during this time period. The Court will resolve the ambiguity created by this uncertainty in favor of Sharp by assuming the limitations period was tolled during this time period. That is, the Court will assume the one-year limitations period was suspended or stopped during this time period.

[8] See 28 U.S.C. § 2244(d)(1)(B) (if unconstitutional, state-created impediment prevents filing of federal habeas petition, then 1-year limitations period does not begin to run until that impediment is removed).

impediment. Therefore, the Court will consider only the question of whether Sharp is entitled to equitable tolling. In that regard, § 2244(d) is a statute of limitations subject to equitable tolling where extraordinary circumstances beyond a prisoner's control make it impossible to file a timely petition and the extraordinary circumstances were the cause of the untimeliness. Earl v. Fabian, 556 F.3d 717, 722 (8th Cir. 2009) (citations omitted). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." Id. (citation omitted). "The [application] of equitable [tolling] to relieve the strict application of [the] statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. (citation omitted). "Equitable tolling should only apply where the petitioner . . . has demonstrated diligence in pursuing the matter." United States v. Martin, 408 F.3d 1089, 1095 (8th Cir. 2005) (citation omitted).

Sharp does not explain why his § 2254 petition was filed outside of the 1-year statute of limitations. Moreover, Sharp has not stated, nor does the record reflect, any facts suggesting that equitable tolling should be applied to the

instant § 2254 petition. As previously noted, Sharp claimed he could not state the grounds upon which his § 2254 petition is based because "the State of Iowa has all my legal papers." Docket No. 1-1 at 4. However, lack of access to state court records does not constitute an unconstitutional impediment sufficient to toll the statute of limitations. Such a lack of access has been rejected by the Eighth Circuit Court of Appeals as a basis for extending the AEDPA statute of limitations or applying equitable tolling. See, e.g., Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (lack of access to trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not extend the limitations period or warrant equitable tolling); Jihad v. Hvass, 267 F.3d 803 (8th Cir. 2001) (same). In any event, this Court finds no extraordinary circumstances sufficient to warrant equitable tolling. Accordingly, Sharp's § 2254 petition is time-barred.

### III. CONCLUSION

In sum, Sharp did not file his § 2254 petition within the one-year period of limitation. At the latest, Sharp had until October 21, 2008, to file the instant petition. However, Sharp did not file his § 2254 petition until July 21, 2009.

Even excluding the time during which his two state PCR applications remained pending, Sharp's § 2254 petition is still *at least* 183 days late.

**IT IS THEREFORE HEREBY ORDERED** the Clerk of Court shall file the petition for the purposes of making a record.

Because it is clear that 28 U.S.C. § 2244(d)(1) bars Sharp's action, his petition for a writ of habeas corpus shall be **DISMISSED** summarily under Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER HEREBY ORDERED** that in light of such dismissal, moreover, Sharp's application to proceed in forma pauperis (Docket No. 1) and application for appointment of counsel (Docket No. 2) shall both be **DENIED** as moot.

**IT IS SO ORDERED** this 12th day of January, 2010.

                               Donald E. O'Brien, Senior Judge
                               United States District Court
                               Northern District of Iowa

Attachment 1

